MIGUEL CUBERO VÉLEZ Y OTROS, demandantes y recurrentes, *v.* INSURANCE COMPANY OF PUERTO RICO, demandada y recurrida.

*Número:* O-70-82          *Resuelto:* 15 de marzo de 1971

*Ramón Bidot Díaz,* abogado de los recurrentes; *Jaime A. García Blanco* y *Víctor Rodón Elizarde,* abogados de la recurrida.

PER CURIAM: Recurre ante nos Miguel Cubero Vélez para revisar la sentencia del Tribunal Superior, Sala de San Juan, que eliminó la partida de $1,000 por concepto de los sufrimientos y angustias mentales concedida en la sentencia del Tribunal de Distrito, sufridos por el recurrente con motivo de ser chocado su automóvil por él conducido por otro conducido por la Sra. Nilda Zamalot.

A base de la exposición subsiguiente, concluimos que aunque no procedía la eliminación total de la partida, procedía su reducción a la suma de $200.00.

Según la relación del caso sometida por el Tribunal de Distrito: (1) el recurrente testificó que el choque ocurrió al salir el recurrente de la Avenida de Diego en su intersección con la Avenida Roosevelt en el sector de Hato Rey cuando cambió la luz de tránsito, de roja a verde. Había corrido unos 25 pies cuando vio el vehículo conducido por la Sra. Zamalot a alta velocidad "cruzando y al impactar le dio a mi carro en el bumper, bonete y siguió rozando al carro mío, y toda la parte derecho del carro quedó destrozada, y no pudo detenerse en ese momento y siguió y fue a parar al frente del Banco Popular en la acera . . . y cuando recibí el impacto

sentí una conmoción en la espina dorsal y un dolor de espalda y así estuve poniéndome linimento y poniéndome pads calientes y tomando pastillas; que ya era como a los ocho o diez días el dolor era tan grande que las rodillas no le aguantaban; que entonces decidió ir al Hospital del Maestro el día 16 de septiembre de 1968; que vive en una casa de altos y tiene que bajar unas escaleras y usa un bastón y bajó poco a poco las escaleras, pero al final de la escalera hay un tramo que no tiene baranda y cuando bajó allí y cayó, lo atendió la Dra. Pablus en el Hospital; que fue al hospital en cinco ocasiones adicionales y recibió tratamiento de fisioterapia y tomó medicinas; que actualmente está recibiendo tratamiento médico por instrucciones del Dr. Sáez y la Dra. y se tiene que poner el 'pad' todas las noches y tiene que estar tomando unas tres veces al día pastillas; que soy una persona fuerte de campo; que anteriormente a esas lesiones de espalda nunca había tenido ninguna lesión y desde la vez de ese accidente es que siente ese dolor" que "pagó más de $100 en gastos de doctores fisioterapistas y en medicinas más de $100.00." Testificó, además, sobre las averías ocasionadas a su vehículo y sobre el costo de su reparación. (2) El testigo presencial Alegría corroboró el testimonio del recurrente con respecto a las circunstancias del accidente. (3) La Sra. Zamalot testificó que cuando ya ella iba cruzando la Avenida con la luz verde su vehículo fue impactado en la parte posterior derecha.

■ La referida relación del caso no cumple con lo dispuesto en la Regla 5 de las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior (4 L.P.R.A. Ap. III, R. 5, pág. 745), al efecto de que debe ser una relación escrita de todo lo ocurrido en el caso, pues el Tribunal de Distrito en dicha relación no ha hecho referencia alguna a la prueba documental ofrecida, objetada y admitida y a la denegada que hubiere.

■ Habiendo oído la cinta magnetofónica de la vista del caso ante el Tribunal de Distrito, resulta que el apelante ofreció dos certificaciones médicas las que fueron correctamente objetadas por no constituir la mejor evidencia de la prueba médica pericial.

De lo expuesto previamente, resulta evidente que el apelante no adujo prueba médica alguna de lesiones que sufriera ocasionadas por el accidente en cuestión.

Concluyó el Tribunal de Distrito que los daños ocasionados al vehículo del recurrente ascendieron a $525.00 y valoró sus sufrimientos y angustias mentales en $1,000.00 más $300.00 de honorarios de abogado. Apelada esta sentencia al Tribunal Superior, Sala de San Juan, ésta concluyó que "la prueba que tuvo ante sí la Sala sentenciadora no justificó la concesión de $1,000.00 al demandante por concepto de sufrimientos y angustias mentales" por lo que ordenó la eliminación de esta partida. Con esta modificación confirmó la sentencia dictada por el Tribunal de Distrito.

Apunta el recurrente que el Tribunal Superior incidió al eliminar la partida de daños por sufrimientos y angustias mentales ya que hubo prueba demostrativa de los mismos; que la fijación de la cuantía de tales daños descansa en la sana discreción del tribunal sentenciador; que "porque el tribunal sentenciador en el caso de autos no señaló cuantía alguna para compensar al demandante por la lesión física sufrida en la región cervical, no puede privarle otro Tribunal en apelación el haber condenado al demandado a pagar la suma de $1,000.00 por sufrimientos y angustias mentales; porque aun en la hipótesis de que no hubiese habido daño físico, el tribunal sentenciador está correcto en señalar indemnización por sufrimientos y angustias mentales, como elemento de daño en una partida completamente aparte independientemente del daño físico sufrido."

Como hemos indicado previamente la prueba de las lesiones sufridas por el recurrente se limitó a su propio testi-

monio. No ofreció testimonio alguno de los médicos que según él lo trataron en relación con las alegadas lesiones que sufrió.

■ En *Rodríguez* v. *Serra*, 90 D.P.R. 776, 778 (1964), dijimos, en efecto, que para sostener una reclamación de daños y perjuicios corresponde al demandante poner al juzgador en condición de determinar, sin recurrir a especulaciones, los daños y perjuicios realmente sufridos por él.

■ En *Chico de la Rosa* v. *Goetz*, 90 D.P.R. 316, 320 (1964), dijimos que "dispone la ley de evidencia que 'si se ofreciere evidencia más débil y menos satisfactoria, cuando pareciere que la parte estaba en aptitud de ofrecerla más firme y satisfactoria, la evidencia ofrecida deberá mirarse con sospecha.' 32 L.P.R.A. sec. 1679 *in fine*. Además, también dispone dicha ley que 'toda evidencia voluntariamente suprimida resultará adversa si se ofreciere' y que 'toda evidencia superior habrá de ser adversa a la presentación de otra inferior'." 32 L.P.R.A. sec. 1887(5), (6).

■ En *Darnell* v. *Eastman*, 261 N.E.2d 114, 116 (Ohio 1970), dictaminó el tribunal que la relación causal entre una lesión y una incapacidad física subsiguiente y un accidente envuelve una investigación científica; que tal relación causal debe establecerse mediante la opinión de testigos médicos competentes para expresar tal opinión. *De Moulin* v. *Kissir*, 446 S.W.2d 162, 165 (Ct. App. Mo. 1969) ; *Littell* v. *Bi-State Transit Development Agency*, 423 S.W.2d 34, 41 (Ct. App. Mo. 1967).

No aparece específicamente del dictamen del Tribunal de Distrito, que al estimar la cuantía de los daños por sufrimientos y angustias mentales, tomase el tribunal en consideración el testimonio del recurrente con respecto a la lesión cervical que alega que sufrió y su subsiguiente caída en una escalera.

■ Aunque concluimos que no procedía dar crédito al testimonio del recurrente con respecto a tales lesiones y a su tratamiento, en ausencia del testimonio de los médicos que, según el recurrente, lo trataron con respecto a las mismas, estaba justificado el tribunal de instancia en concluir que el inesperado y súbito impacto de los vehículos necesariamente ocasionó una conmoción al recurrente equivalente a sufrimiento y angustia mental por lo cual debe compensársele. Estimamos, sin embargo, que la cuantía de estos daños no debe exceder de la suma de $200.00. En tal virtud, *debe modificarse la sentencia dictada por el Tribunal Superior con el propósito de restituir la partida de daños por sufrimientos y angustias mentales reducida a la cuantía de $200.00, y así modificada debe confirmarse.*

Los Jueces Asociados Señores Hernández Matos y Dávila disintieron.