CARLOS ARMSTRONG E HIJOS, SUCRS., INC., demandante y recurrente, *v.* JULIA ORTIZ SANTIAGO, demandada y recurrida.

*Número:* R-76-93      *Resuelto:* 19 de enero de 1977

*Antonio Zapater Cajigas,* abogado de la recurrente; *Héctor Lugo Bougal,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

La acción de cobro de dinero en este caso tiene origen en ciertas irregularidades incurridas por Julia Ortiz Santiago en sus actuaciones como cajera de una sucursal de la firma operada por la recurrente Carlos Armstrong e Hijos en la ciudad de Ponce. El tribunal de instancia desestimó la reclamación instada por dicha firma contra la cajera recurrida concluyendo que la diferencia de $5,219.92 entre el total de las ventas diarias informado por ella y el importe de los *tickets* correspondientes constituía un mero error o incompatibilidad aritmética sin que surgiera de la prueba un déficit de ingresos por tal cantidad.

Expedimos el auto para revisar.

La única prueba desfilada en el caso fue la presentada por la recurrente[1] y siendo ésta en su mayor parte de carácter documental estamos en igual posición que el tribunal de instancia para determinar su efecto legal. *Miranda v. Editorial El Imparcial, Inc.*, 99 D.P.R. 601 (1971). Procederemos a examinarla para considerar, no su apreciación puesto que no hay conflicto en ella, sino su eficacia, y, determinar si el tribunal de instancia descartó elementos probatorios importantes cuyo peso puedan alterar la conclusión medular del caso de que hubo un mero error aritmético y no de un déficit de ingresos.

La recurrida Julia Ortiz Santiago trabajaba de cajera en una sucursal de Carlos Armstrong e Hijos, Sucrs., Inc., ubicada en la Calle Villa de Ponce. Fue despedida de su empleo el 22 de agosto de 1969 con motivo de aparecer anulado un *ticket* de venta de una carretilla por la cantidad de $25.00 sin que la venta se hubiese rescindido. Sobre este incidente testificaron el comprador de la carretilla Luis Ferrer Tellado al efecto de que pagó de contado la cantidad de $25.00 y todavía tiene la carretilla. También declaró el dependiente que se la vendió, Angel Bosch Caraballo, atestando que él llenó de su puño y letra la factura de venta, excepto que la palabra "Nulo" que en ella aparece no fue escrita por él. La prueba demostró que fue escrita por la recurrida y que ésta no sumó dicha factura en el informe diario de ventas faltando exactamente la cantidad de $25.00 en el dinero entregado por ella. Este incidente provocó una investigación de los informes de la venta diaria preparados por la recurrida desde diciembre de 1968 a agosto de 1969 reflejando la misma una diferencia de $5,219.02 entre el total de los informes diarios de ventas sumadas por la recurrida y el importe de las facturas corres-

---

[1] La recurrida se limitó a presentar la contestación al interrogatorio #3 en que la recurrente afirma que nadie vio a la demandada tomar para sí suma alguna de dinero.

pondientes. Esta cantidad es la diferencia reclamada en la demanda de cobro de dinero instada por el recurrente en el tribunal de instancia.

El exhibit "C" refleja el resultado de la investigación apareciendo del mismo en forma detallada los días en que la cajera dejó de sumar el total de un *ticket* o parte del mismo o incurrió en ambas deficiencias. Según este exhibit, en 29 días la deficiencia se debió a que la recurrida no sumó la totalidad de los *tickets;* en 68 días a que sumó una cantidad inferior y el resto en ambas causas. El exhibit "E" contiene los *tickets* de ventas diarias, la cinta de sumar preparada por la recurrida y el cotejo de la misma por la recurrente que revela las deficiencias señaladas.

◼ Es significativo, y así lo destaca la recurrente en la solicitud de revisión, que en algunos de los pocos días que no hubo irregularidades coincide con la ausencia del trabajo por parte de la recurrida. Hemos verificado este dato en la identificación 7 de la recurrida, que no fue admitido por el tribunal de instancia sin que aparezca fundamento para ello en la minuta correspondiente al 28 de septiembre de 1971, o en la exposición narrativa de la prueba, o, en la sentencia dictada por el tribunal de instancia. (²) Como se trata de prueba indebidamente excluida tomamos conocimiento de ella con el propósito de verificar el argumento del recurrente.

Para un entendimiento cabal del alcance de la prueba presentada por la recurrente, veamos a continuación algunos ejemplos de las deficiencias incurridas por la cajera Julia Ortiz Santiago:

1. En el Reporte Diario preparado por la recurrida el 21 de agosto de 1969 ella informó un total de ventas en efectivo por $1,106.79, que es la misma cantidad que aparece en la cinta de sumar de los *tickets* individuales sumados por ella

---

(²) La identificación #7 consiste de las nóminas firmadas por la recurrida, las cuales fueron debidamente identificadas y son pertinentes al caso.

en la máquina. Sin embargo, en la investigación efectuada por el recurrente, la suma de los *tickets* individuales para ese día reflejan un total de ventas de $1,206.79 para una diferencia de $100.00. (Exh. "D"). La diferencia se debe a que un *ticket* por la cantidad de $121.50 fue sumado por la recurrida por la cantidad de $21.50, sin que hubiese para ese día ningún *ticket* por tal cantidad, ni en la cinta preparada por ella apareciera entrada alguna por $121.50. Es decir, no solo dejó de sumar $100.00 sino que tampoco entregó el importe de esa cantidad.

2. El informe del 2 de agosto de 1969 refleja un total de ventas de $756.96, cantidad idéntica a la que aparece en la cinta sumada por ella. La cinta de la investigación, sin embargo, refleja un total de ventas para ese día de $792.96 para una diferencia de $36.00. La diferencia se funda en que la recurrida sumó un *ticket* de $36.10 como de 10 centavos. No hay *ticket* de 10 centavos para ese día ni en la cinta de sumar preparada por ella se incluye venta alguna por $36.10.

3. En el informe y en la cinta de sumar preparada por la recurrida correspondiente al 8 de agosto de 1969 aparece informado un total de ventas por $504.54. La investigación revela que para ese día las ventas sumaron $544.54 para una diferencia de $40.00. La recurrida sumó un ticket de $40.50 como si fuera de 50 centavos, sin que hubiese *ticket* alguno por esa cantidad ni aparezca de la cinta entrada alguna por $40.50.

4. El informe y la cinta de sumar de los *tickets* preparada por la recurrida el 16 de agosto de 1969 revelan un total de ventas por $480.34. La investigación efectuada por el recurrente revela que para ese día hubo un total de ventas de $502.34 para una diferencia de $22.00. La recurrida no sumó factura alguna por $22.00 a pesar de que el *ticket* número 12 de ese día es por esa cantidad.

La recurrida no controvirtió los anteriores hechos, sino que en el contrainterrogatorio estipuló lo siguiente:

"1) Que la información consignada en tinta en cada uno de los informes diarios fue allí puesta por la propia demandada, quien preparó dichos informes.

2) Que existen discrepancias entre la cantidad que aparece en la mayor parte de dichos informes diarios según se consignará, estribando las mismas en que la suma de todos los tickets individuales de ventas cash para determinado día es distinta a la que aparece en el informe o reporte diario del día en cuestión.

3) Dichas discrepancias tienen su origen así: (a) la totalidad de algunos tickets no fue sumada; (b) en relación con algunos tickets se sumó en la cinta una cantidad inferior a la del ticket.

4) Que el Exh. 5 de la parte demandante (debería decir identificación V y Exh. C. de la parte demandante) preparado por la testigo Sra. Lourdes Villarini, recoge los resultados de esta investigación, resultados que fueron obtenidos por ella misma." (Pág. 8, Exposición Narrativa.)

█ El tribunal de instancia no captó en su justa perspectiva el valor y alcance de esta prueba. Con ella la recurrente estableció, sin lugar a dudas, que no se sumó el total de algunos *tickets* o de parte de ellos, y, que el importe del total de los *tickets* nunca se entregó por la recurrida. Correspondía a ésta controvertirla y no lo hizo. Ella estuvo presente en el juicio pero no testificó para explicar las causas de las deficiencias señaladas. Su silencio no solo debe mirarse con sospecha, Art. 524 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1679, sino que, además, favorece a la recurrente la presunción del Art. 464, inciso 5, 32 L.P.R.A. sec. 1887(5) al efecto de que prueba voluntariamente suprimida resultará adversa si se ofreciese.

El tribunal de instancia, sin embargo, concluyó que se trataba de un simple error de aritmética. El patrón de deficiencia es tan definido y contínuo que es inescapable inferir que se trataba de algo más que un simple error de aritmética. Más aun cuando aparece una coincidencia absoluta entre lo que la recurrida sumaba y el dinero que entregaba. Por

otro lado, el tribunal dio importancia indebida al hecho de que la recurrida guardaba el dinero con los *tickets* y el informe diario en una pequeña caja cerrada con llave que permanecía en la gaveta de su escritorio, estando la llave accesible a varios empleados del negocio. Aparte de que no hay prueba alguna de que otra persona interviniera con la caja, la posibilidad de que así fuera es inherentemente increíble pues supone que en los 130 días de investigación en que hubo deficiencias se llevaron de la caja una cantidad idéntica a la que la recurrida dejó de sumar en el informe diario. Esto requeriría que el que sustituyó el dinero llevara a cabo una operación de suma de los *tickets* de venta y un cotejo de la cinta sumada por la recurrida para, entonces, poder determinar qué *tickets* no fueron sumados por ésta y así sustraer una cantidad que coincidiera con la deficiencia incurrida por ella. Además, de haberse sustraído dinero de la caja después de ella guardarla en su escritorio, hubiese aparecido forzosamente una incongruencia entre su informe diario y la cantidad que ella entregaba. Por el contrario, la prueba demuestra una absoluta coincidencia entre ambas cantidades. Desde cualquier ángulo racional que se le enfoque, la prueba y las conclusiones del tribunal son insostenibles.

El análisis anterior nos lleva a concluir que efectivamente incidió el tribunal de instancia al negarle efecto legal a la prueba presentada por la recurrente y al descartar sin justificación alguna elementos probatorios importantes. La sentencia recurrida no puede pues, prevalecer. *Procede, en consecuencia, dictar otra declarando con lugar la demanda y condenando a la recurrida a pagar al recurrente la cantidad de $5,219.02 más los intereses legales y $500.00 por concepto de honorarios de abogado.*