Laura Rivera Águila, etc., demandantes y recurrentes,
*v.* K-Mart de Puerto Rico, Sucursal de Arecibo,
demandada y recurrida.

*Número:* RE-86-320      *Resuelto:* 26 de abril de 1989

600

602

*Ángel M. Bonnet Rosario,* abogado de los recurrentes; *Renato Barrios,* de *Gervitz & Barrios,* abogado de la recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Recientemente, en *García Pagán v. Shiley Caribbean, etc.*, 122 D.P.R. 193 (1988), tuvimos la oportunidad de interpretar y delimitar el esquema de compensación que establecen la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146, que prohíbe el discrimen en el empleo; la Ley Núm. 3 de 13 de marzo de 1942, según enmendada, 29 L.P.R.A. secs. 467–474 —conocida como ley para la protección de madres obreras— que prohíbe específicamente el discrimen por razón de embarazo (una modalidad del discrimen por razón de sexo), y la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1341), que prohíbe el discrimen en el empleo por razón de sexo. El presente caso nos brinda la oportunidad de interpretar el ámbito de la prohibición contenida en la Sec. 4 de la Ley Núm. 3, *supra*, 29 L.P.R.A. sec. 469, y analizar el esquema procesal a utilizarse cuando se reclaman daños a un patrono por el despido, sin justa causa, de una mujer embarazada.

I

*Los hechos*

La codemandante recurrente Laura Rivera Águila trabajó para la demandada recurrida K-Mart Corp. desde el 7 de octubre de 1983 hasta el 24 de enero de 1985. Comenzó como cajera haciendo a veces las funciones de supervisora de cajas a tiempo parcial (*part-time*). El 21 de noviembre de 1984 la ascendieron a supervisora de cajas a tiempo completo (*full-time*). Dos (2) meses más tarde, en enero de 1985, la despidieron.

El 13 de noviembre de 1985 presentó ante el Tribunal Superior, Sala de Arecibo, una reclamación en daños y perjuicios por despido injustificado debido a discrimen por razón

de sexo.(1) Alegó que fue despedida debido a su estado de embarazo. La parte demandada recurrida K-Mart Corp. contestó y alegó que el despido fue justificado. Específicamente, adujo que la codemandante recurrente Rivera Águila fue despedida por no realizar su labor conforme las normas de trabajo establecidas por K-Mart Corp. Continuó alegando que la codemandante recurrente, a pesar de haber sido apercibida sobre estas fallas, no las corrigió.

Luego de celebrada vista en su fondo, el tribunal dictó sentencia mediante la cual desestimó la demanda. Resolvió que el despido fue justificado. Determinó que éste se debió "a la insuficiencia desplegada" por la señora Rivera Águila, "quien a pesar de conocer sus obligaciones incumplió con éstas . . .". *Exhibit* 1, pág. 2. Expresó, además, que la señora Rivera Águila incurrió en estas fallas aun después que se le señalaron verbalmente y por escrito en dos (2) ocasiones. Concluyó como cuestión de derecho que la parte demandante recurrente no cumplió con el peso de la prueba que impone la Regla 10A de Evidencia, 32 L.P.R.A. Ap. IV.

No conforme, la parte demandante recurrente acudió en revisión y alegó la comisión de dos (2) errores: (1) que el tribunal de instancia erró al admitir en evidencia, a pesar de las objeciones de la parte demandante recurrente, fotocopias de unos documentos cuyos supuestos originales no fueron traídos a juicio ni estaban firmados por la parte contra la cual se presentaron, ni los originales pudieron ser examinados por el abogado de la parte demandante recurrente; (2) que aplicó incorrectamente las disposiciones del Art. 1 de la

---

(1) También comparecieron como codemandantes recurrentes el esposo de la señora Rivera Águila y la Sociedad Legal de Gananciales compuesta por ambos.

Por no estar planteado ante este Tribunal, no pasamos juicio sobre si a la luz de los hechos de este caso, al amparo de la Ley Núm. 3 de 13 de marzo de 1942, según enmendada, 29 L.P.R.A. secs. 467–474, el esposo de la codemandante recurrente Rivera Águila y la Sociedad Legal de Gananciales compuesta por ambos tienen una causa de acción para reclamar daños.

Ley Núm. 100, *supra*, conjuntamente con la Sec. 4 de la Ley Núm. 3, *supra*, y (3) que erró al evaluar la prueba.

Decidimos revisar y expedimos el auto.

## II

*El discrimen por razón de embarazo bajo la legislación federal*

En 1978 el Congreso de Estados Unidos aprobó el *Pregnancy Discrimination Act* (P.D.A.) para enmendar el Tít. VII de la Ley de Derechos Civiles de 1964 (42 U.S.C. sec. 2000e *et seq.*)(2) y así especificar que el discrimen por razón de embarazo está comprendido dentro del discrimen por razón de sexo.(3) La enmienda surgió como una respuesta del Congreso a la decisión del Tribunal Supremo de Estados Unidos en el caso de *General Electric Co. v. Gilbert*, 429 U.S. 125 (1976). Allí se resolvió que el discrimen por razón de embarazo no necesariamente constituía discrimen por razón de sexo dentro del significado del Tít. VII de la Ley de Derechos Civiles de 1964, *supra*.

Este estatuto federal tiene como propósito el garantizarle a personas igualmente capacitadas una igualdad de oportunidades en el mercado de empleo. Tradicionalmente la mujer ha formado parte de un sector que ha sido marginado en dicho mercado. Ciertamente, el despido por

---

(2) El Tít. VII de la Ley de Derechos Civiles de 1964 (42 U.S.C. sec. 2000e *et seq.*) le prohíbe a un patrono despedir o discrimininar contra un individuo con respecto a sus salarios, términos, condiciones y privilegios de empleo por razón de sexo.

(3) La enmienda provee lo siguiente:

"The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . . ." 42 U.S.C. sec. 2000e(k).

razón de embarazo limita aún más las posibilidades económicas de la mujer y sus oportunidades en el trabajo. Véase Circoria, *Pregnancy and Equality*, 60 S.C.L. Rev. 1345, 1367 (1987). El Tribunal Supremo de Estados Unidos, reconociendo esta situación, ha interpretado el P.D.A. como una medida que otorga amplia protección a la mujer obrera en estado de gestación. Sullivan, Zimmer y Richards, *Employment Discrimination*, 2da ed., Boston, Ed. Little, Brown & Co., 1988, Vol. I, Sec. 8.2, pág. 337. En *Newport News Shipbldg. & Dry Dock v. EEOC*, 462 U.S. 669, 684 (1983), expresó:

> The Pregnancy Discrimination Act has now made clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, *on its face*, discrimination because of her sex. (Énfasis nuestro.)

En *California Federal S. & L. Assn. et al. v. Guerra*, 479 U.S. 272 (1987), se planteó la controversia de si el Tít. VII de la Ley de Derechos Civiles de 1964, *supra*, según enmendada por el P.D.A., ocupaba el campo en esta área. En este caso el patrono alegaba que el estatuto local, que lo obligaba a proveerle un período de descanso y la subsiguiente reinstalación a las empleadas despedidas por razón de embarazo, era inconstitucional de su faz. Fundamentaba su contención en que en el mismo se le proveía un trato preferencial a la mujer en contravención al mandato del Tít. VII de tratar el embarazo igual que otras incapacidades. El Tribunal resolvió que el Tít. VII de la Ley de Derechos Civiles de 1964, *supra*, sólo garantiza un mínimo de beneficios por razón de embarazo, lo que no impide que los estados, sin violentar la cláusula de supremacía de la Constitución federal, ofrezcan una mayor protección. Sullivan, Zimmer y Richards, *op. cit.*, pág. 371.

■ Ya para el 1973, en un caso sobre discrimen racial, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), el Tribunal Supremo de Estados Unidos había establecido el orden y la naturaleza de la prueba en acciones presentadas al

amparo del Tít. VII de la Ley de Derechos Civiles de 1964, *supra*. Resolvió que al demandante recurrente le correspondía establecer un caso prima-facie de discrimen. Luego, el *onus probandi* recaía sobre el patrono, quien debía justificar la acción alegadamente discriminatoria. El demandante recurrente entonces tenía la oportunidad de demostrar que las razones aducidas por el patrono eran un simple pretexto para encubrir el discrimen. Estos criterios también aplican a una reclamación de discrimen por razón de sexo bajo el Tít. VII de la Ley de Derechos Civiles de 1964, *supra*. *Carney v. Martin Luther Home, Inc.*, 824 F.2d 643 (8vo Cir. 1987);[4] B.L. Schlei y P. Grossman, *Employment Discrimination Law*, Washington, D.C., The Bureau of National Affairs, 1976, pág. 331.

### III

*La ley para la protección de madres obreras —Ley Núm. 3— discrimen por razón de embarazo*

En Puerto Rico el discrimen por razón de sexo está prohibido constitucional[5] y estatutariamente.[6] La

---

[4] En este caso el patrono aceptó haber ordenado a la demandante recurrente a tomar un descanso sin paga al ésta sufrir de mareos provocados por su embarazo. La contención del demandado recurrido era que su determinación se fundamentó en la condición médica de la empleada y no por su estado de embarazo per se. El patrono entendía que esto de por sí era suficiente para pasar el peso de la prueba a la demandante recurrente de probar que la razón era un pretexto para discriminar según lo establecido en *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). La corte de circuito determinó que esta conducta constituía discrimen por razón de embarazo bajo el Tít. VII de la Ley de Derechos Civiles de 1964, *supra*, por lo que no hubo un cambio en el peso de la prueba.

[5] Art. II, Sec. 1 de la Carta de Derechos, Const. E.L.A., L.P.R.A., Tomo 1.

La Constitución también le garantiza al trabajador el recibir "igual paga por igual trabajo" y el estar protegido "contra riesgos para su salud o integridad personal en su trabajo o empleo". Art. II, Sec. 16, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 327.

[6] Véanse a estos efectos, en relación con el discrimen por razón de sexo en el trabajo: Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A.

Sec. 4 de la Ley Núm. 3, *supra*, específicamente prohíbe el despido por razón de embarazo, una modalidad del discrimen por razón de sexo. En su parte pertinente, dispone:

El patrono no podrá, sin causa justa, despedir a la mujer embarazada. No se entenderá que es justa causa el menor rendimiento para el trabajo, en razón del embarazo. 29 L.P.R.A. sec. 469.[7]

La Ley Núm. 3, *supra*, protege a la mujer en su derecho a continuar en el empleo y a que no se le despida arbitrariamente durante la etapa de gestación. De esta manera se evitan las consecuencias socioeconómicas que durante el embarazo y después del mismo podría conllevar tal despido. Informes de la Comisión de Derechos Civiles del Estado Libre Asociado de Puerto Rico, Vol. 2, ed. 1973, pág. 642. Esta importante pieza legislativa, además de proveer en protección de la salud de la mujer embarazada un período de descanso prenatal y postnatal, específicamente

---

sec. 146; Ley Núm. 3, *supra*; Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1341), y Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155 *et seq.*).

[7] En *Schneider v. Tropical Gas Company, Inc.*, 95 D.P.R. 626 (1967), resolvimos que al amparo de la Ley Núm. 3, *supra*, la mujer obrera embarazada despedida injustificadamente sólo tenía derecho a la mesada que hoy establece la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a–185*l*, conocida como Ley de Despido. En 1969, mediante la Ley Núm. 39 de 19 de junio, la Asamblea Legislativa enmendó la Sec. 4 de la Ley Núm. 3, *supra*, 29 L.P.R.A. sec. 469, para permitirle a la obrera así despedida reclamar compensación por daños. El inciso (a) así añadido lee:

"(a).— Todo patrono que despida, suspenda, reduzca el salario, o discrimine en cualquier forma contra una trabajadora por razón de la merma en su producción mientras ésta se encuentre en estado de embarazo o rehúse restituirla en su trabajo luego del alumbramiento, incurrirá en responsabilidad civil por una suma igual al doble del importe de los daños que cualquiera de los actos antes mencionados haya causado a la trabajadora, o por una suma no menor de cien dólares ($100.00) ni mayor de mil dólares ($1,000.00) a discreción del tribunal si no se pudieran determinar daños pecuniarios o el doble de éstos si montaran a una suma menor de cien dólares ($100.00).

"La empleada además tendrá derecho a que se le reponga en su trabajo so pena de incurrir el patrono en daños adicionales idénticos o iguales a los establecidos en esta sección." 1969 Leyes de Puerto Rico 74, 75.

prohíbe el discrimen por razón de embarazo y establece los remedios que tendrá la empleada para cuando el patrono le viole los derechos consagrados en la ley.

La Ley Núm. 3, *supra*, forma parte de un esquema trazado por el Estado para ofrecerle a la mujer obrera una mayor garantía contra el discrimen en el trabajo por razón de sexo. Mediante la Sec. 4 de la Ley Núm. 3, *supra*, se colocó a la mujer embarazada en una clasificación especial distinta a los demás empleados. Se reconoció que, por razón de su condición, el rendimiento en el trabajo podía quedar afectado durante el período de gestación y que era necesario brindarle una protección mayor que tomara en consideración la situación muy particular de la mujer obrera embarazada. Para atender esta realidad, la Sec. 4 de la Ley Núm. 3, *supra*, "varió la norma en cuanto al contenido . . . de justa causa [para el despido]", *Schneider v. Tropical Gas Company, Inc.*, 95 D.P.R. 626, 629 (1967). No sólo prohibió al patrono el despedir de su empleo sin justa causa a una mujer embarazada, sino que también excluyó del concepto justa causa el menor rendimiento por razón del embarazo. "Este menor rendimiento se refiere, no s[ó]lo al que se produce en términos cuantitativos, sino [también] al que afecta la calidad del trabajo realizado." R.N. Delgado Zayas, *Aspectos fundamentales de la ley para proteger a las madres obreras*, XII(44) Rev. del Trabajo 11, 19 (1984).

Mediante la Ley Núm. 3, *supra*, se proveyó a la mujer obrera embarazada una protección mayor que la que ofrece la Ley Núm. 100, *supra*. En una acción entablada bajo la Ley Núm. 3, *supra*, el patrono responde en daños si despide, sin justa causa, a una mujer embarazada. De otra parte, una reclamación bajo la Ley Núm. 100, *supra*, podría no proceder si, a pesar de no existir justa causa para el despido, el patrono prueba que éste no fue discriminatorio. *Ibá-*

*ñez v. Molinos de P.R., Inc.*, 114 D.P.R. 42, 53 (1983); *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 502–503 (1985).

■ La Ley Núm. 3, *supra*, incluye dentro de su manto de protección a todas las mujeres obreras del sector privado que están en estado de gestación, aun a las que están en período probatorio. "De esta forma, se elimina la posibilidad de usar el periodo probatorio a modo de subterfugio para discriminar contra [la mujer] por razón de [su] embarazo." Delgado Zayas, *supra*, pág. 19.

IV

*Despido por razón de embarazo —Ley Núm. 3— peso de la prueba*

■ Al amparo de la Ley Núm. 3, *supra*, una vez entablada una acción por la obrera, mediante la cual reclamó resarcimiento por haber sido despedida de su empleo sin justa causa mientras estaba embarazada, el patrono viene obligado a alegar en su contestación los hechos que motivaron el despido. Es al patrono, que opone como defensa el haber mediado justa causa para el despido, a quien le corresponde probar, mediante la preponderancia de la evidencia, que el despido estuvo justificado. El peso de la prueba se desplaza de la parte demandante recurrente hacia el demandado recurrido, y es sobre éste que recae el *onus probandi*. Arts. 2 y 8 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185b y 185h; *Srio. del Trabajo v. I.T.T.*, 108 D.P.R. 536, 546 (1979). En reclamaciones al amparo de la Ley Núm. 3, *supra*, surge, pues, una presunción de despido injustificado que el patrono viene obligado a rebatir. Regla 14 de Evidencia, 32 L.P.R.A. Ap. IV. Es al patrono al que le corresponde persuadir al juzgador de la no existencia del hecho presumido: el despido injustificado. *Hawayek v. A.F.F.*, 123 D.P.R. 526 (1989).

## V

*Análisis de la prueba*

La teoría del caso de la demandada recurrida, según surge del Informe sobre Conferencia Preliminar entre Abogados, era la siguiente:

Que la parte demandante fue despedida de su empleo mediante justa causa, ya que ésta no *realizó su tarea de supervisora de conformidad a las normas establecidas en K-Mart, estando en dicha posición bajo período probatorio,* luego de habérsele concedido un empleo a tiempo completo. (Énfasis suplido.)

Según esta teoría la demandada recurrida, para poder prevalecer, tenía que establecer mediante la preponderancia de la prueba que la codemandante recurrente señora Rivera Águila no realizó su trabajo de conformidad con las normas establecidas por K-Mart Corp. El hecho de haber estado la señora Rivera Águila en período probatorio no afectó el deber de la demandada recurrida de tener que probar justa causa para el despido, si deseaba prevalecer.

Analicemos la prueba presentada. La demandada recurrida K-Mart Corp. fundamentó su defensa de despido justificado en la supuesta labor ineficiente de la codemandante recurrente Rivera Águila. Como prueba justificativa del despido, presentó como testigos a la Sra. Myrta Suárez, Gerente de Personal, y al Sr. Axel Carvajal, Asistente de la Gerente. Estos declararon, en síntesis, que en varias ocasiones le expresaron a la codemandante recurrente que tenía que estar atenta a las filas de pago de los clientes y a abrir otras cajas cuando fuere necesario; que ella debía firmar los cheques de los clientes; que tenía que buscar "el cambio de hacer falta" éste, y que no debía delegar estas funciones.[8]

---

[8] Alegato en oposición a Escrito de Oposición de la parte demandada recurrida, págs. 2–3.

Además de estos testigos, y como prueba documental, sometió en evidencia fotocopias de tres (3) formularios titulados *Personnel Interview Record*. Un análisis de estos formularios refleja lo siguiente: (1) uno está firmado por la codemandante recurrente Rivera Águila y por la señora Suárez, y allí se expresa que la codemandante recurrente fue ascendida y por esta razón tenía que pasar un período probatorio de noventa (90) días (*exhibit* 5); (2) otro está firmado por el señor Carvajal y en él se indica que varios clientes se quejaron de las largas filas (*exhibit* 6), y (3) por último, hay uno firmado únicamente por la señora Suárez, en el que se expresa que ésta informó a la codemandante recurrente que no estaba realizando su labor como la compañía esperaba de una supervisora de caja y que delegaba demasiado en otros empleados (*exhibit* 7). En todos estos documentos hay un espacio para la firma del empleado y otro para la firma de un testigo. Sólo el *exhibit* 5 aparece firmado por la codemandante recurrente Rivera Águila y únicamente en el *exhibit* 6 aparece firmando un testigo.

En el Informe sobre Conferencia Preliminar entre Abogados, la parte demandada recurrida también anunció, como parte de su prueba documental, el "'[p]anfleto' [sic] sobre las normas y responsabilidades de empleo pertinente a los hechos de este caso". No lo presentó en evidencia. Estas circunstancias activaron una segunda presunción, la contenida en la Regla 16(5) de Evidencia, 32 L.P.R.A. Ap. IV, de que "toda evidencia voluntariamente suprimida resultará adversa si se ofreciere". Véanse: *C. Armstrong e Hijos v. Ortiz Santiago*, 105 D.P.R. 634 (1977); *Cubero Vélez v. Insurance Co. of P.R.*, 99 D.P.R. 748 (1971); *Murcelo v. H.I. Hettinger & Co.*, 92 D.P.R. 411, 432 (1965); *Chico de la Rosa v. Goetz*, 90 D.P.R. 316 (1964); *Pueblo v. Cotto Torres*, 88 D.P.R. 23 (1963); *Pueblo v. Torres González*, 86 D.P.R. 252 (1962).

La Regla 14 de Evidencia, *supra*, dispone que si la parte afectada por una presunción no ofrece evidencia alguna para demostrar que el hecho presumido no ocurrió, el juzgador entonces debe aceptar la existencia del hecho presumido. Es a la parte afectada por una presunción a la que le corresponde el peso de la prueba para persuadir al juzgador "que es más probable la no existencia que la existencia del hecho presumido". Regla 14 de Evidencia, *supra*; E.L. Chiesa, *Práctica Procesal Puertorriqueña, Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. I, Cap. III, pág. 44; *Ramos v. Aut. Fuentes Fluviales*, 86 D.P.R. 603 (1962); *Moreno Álamo v. Moreno Jiménez*, 112 D.P.R. 376 (1982); *Ibáñez v. Molinos de P.R., Inc.*, supra; *Hawayek v. A.F.F.*, supra. En nuestra jurisprudencia se ha reconocido que, en casos civiles, las presunciones son controvertibles, mandatorias y fuertes. Chiesa, *op. cit.*, pág. 44.

En el caso ante nos, la demandada recurrida K-Mart Corp., al voluntariamente dejar de ofrecer en evidencia el "'panfleto' [sic]" sobre normas y responsabilidades en el empleo previamente anunciado como prueba documental, sin que mediare explicación alguna activó la presunción de que dicha prueba documental le sería adversa. El juez venía obligado a aplicar esta presunción. En otras palabras, quedó establecido que de haber ofrecido la demandada recurrida K-Mart Corp. el "'panfleto' [sic]" sobre normas y responsabilidades en el empleo en evidencia, éste hubiese demostrado la inexistencia de las normas que alegaba la codemandante recurrente Rivera Águila incumplió.

Para que violaciones a las normas del trabajo constituyan justa causa para el despido, el patrono tiene que probar la razonabilidad de las normas establecidas para el funcionamiento del establecimiento, que le suministró una copia escrita de éstas al empleado y que el empleado las violó en

reiteradas ocasiones. Art. 2 de la Ley Núm. 80, *supra*; *Srio. del Trabajo v. I.T.T.*, supra, pág. 542.

## VI

*Conclusión*

De todo lo antes mencionado se puede colegir que la demandada recurrida K-Mart Corp. no probó que el despido de la señora Rivera Águila fue justificado. Veamos. La demandada recurrida no presentó prueba para establecer la razonabilidad de las normas de empleo ni cuáles de éstas la codemandante recurrente Rivera Águila había ejecutado de forma tan ineficiente que justificaban el despido. Aun dando entero crédito al testimonio de la señora Suárez y del señor Carvajal, todo lo que éste demostró fue que éstos le habían llamado la atención a la codemandante recurrente Rivera Águila sobre ciertas cosas relacionadas con su trabajo. Más aún, las declaraciones de estos testigos, a lo sumo, lo que establecieron fue un menor rendimiento en la capacidad y calidad del trabajo de la codemandante recurrente Rivera Águila, lo que no constituye justa causa para el despido al amparo de la Ley Núm. 3, *supra*.

La parte demandada recurrida no controvirtió, con la preponderancia de la prueba, la presunción de despido injustificado. Al no haber cumplido la parte demandada recurrida con el *onus probandi*, procedía resolver que se despidió a la codemandante recurrente Rivera Águila en violación a la Ley Núm. 3, *supra*: injustificadamente y mientras se hallaba ésta en estado de embarazo.

Por todo lo antes expuesto, *procede dictar sentencia que revoque la dictada por el Tribunal Superior, Sala de Arecibo, de 4 de junio de 1986, y se devuelve el caso a instancia para procedimientos ulteriores compatibles con lo aquí expuesto.*

El Juez Asociado Señor Rebollo López no intervino.