Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Yauco, declaró con lugar una querella por despido injustificado presentada por el Secretario del Trabajo y Recursos Humanos en representación del querellante-apelado, Eddie Cancel, en contra del aquí apelante, Gas Muñoz. Luego de examinar la sentencia emitida, los alegatos de las partes y por razones que más adelante señalamos, acordamos revocar la sentencia apelada.
Los hechos relevantes al presente litigio no están en controversia. Gas Muñoz despidió al querellante, Eddie Cancel. La carta de despido expresó, como razón para ello, los problemas económicos de la empresa consistentes en "escasez de trabajo". El querellante solicitó y obtuvo beneficios por desempleo utilizando la mencionada carta de despido.
Posteriormente, a través del Secretario del Trabajo, instó una reclamación por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185(a) et seq. La querella presentada sólo hace una escueta alegación de que el despido fue sin justa causa.
Gas Muñoz contestó la querella. Negó la mayoría de las alegaciones. Adujo como defensa afirmativa que el despido del señor Cancel fue uno justificado dada su conducta "impropia y perjudicial" a los mejores intereses de la empresa y a su reiterado patrón de "vagancia crónica" sobre los cuales se le notificaron amonestaciones sin que lograra producir cambio positivo en su conducta. *988 Posteriormente, la parte querellante enmendó la querella. Alegó que, según se desprende de la carta de despido, el mismo se debió a la "escasez de trabajo" en el negocio. Añadió, no obstante, que de haber sido esa la razón procedía el despido de empleados con menor antigüedad que él. En su contestación a la querella enmendada el patrono apelante alegó que el despido estuvo justificado.
Luego de celebrada la correspondiente vista, el tribunal apelado concluyó que Gas Muñoz estableció la justa causa para el despido como lo alegó en su contestación a la querella. Empero, procedió a declarar con lugar la acción presentada por razones de equidad y en virtud de la doctrina de actos propios. Fundó su posición en el hecho de que Gas Muñoz mintió en la mencionada carta en torno al verdadero motivo del despido al indicar que la razón para ello fue por problemas económicos debido a la "escasez de trabajo". Es decir, no obstante el patrono haber alegado y probado a satisfacción del tribunal apelado que la causa del despido fue la conducta irresponsable del obrero querellante en el desempeño de su trabajo, dicho foro concluyó que por haber el patrono querellado expuesto un hecho falso para inducir al Estado a otorgar beneficios por desempleo a una persona que por ley no los merecía, impedía que le fallase a su favor. La sentencia apelada, no incluye ninguna fuente de derecho normativo en apoyo de ese argumento como base para adjudicar la controversia del despido. Inconforme con esta contradictoria determinación, el patrono querellado acude ante este Foro. Le imputa al tribunal apelado que incidió al declarar con lugar la querella no obstante haber determinado que existía justa causa para el despido del querellante. Tiene razón.
La Ley Núm. 80, supra, protege a los trabajadores contra los despidos injustificados. En su Art. 1 establece que todo empleado de comercio, industria o cualquier otro negocio despedido de su empleo sin justa causa tendrá derecho a recibir una indemnización, comúnmente conocida como la mesada. 29 L.P.R.A sec. 185a La ley establece las razones válidas por las cuales se puede despedir un empleado sin que ello conlleve responsabilidad del patrono. Así, será justa causa para un despido, entre otras causas, que el empleado observe un patrón de conducta impropio y desordenado; actitud de no rendir el trabajo eficientemente o realizarlo tardía o negligentemente, o cuando no cumple con las reglas y reglamentos razonables establecidos por el patrono, 29 L.P.R.A. sec. 185b. El Art. 8 de la Ley, 29 L.P.R.A. sec. 185k, requiere del patrono que alegue en su contestación a la querella y ulteriormente probar, los hechos constitutivos de la justa causa que motivaron el despido. Esta disposición se ha interpretado en el sentido de crear una presunción de despido injustificado a favor del empleado correspondiéndole al patrono rebatir la misma probando, mediante preponderancia de la evidencia, la justa causa. Delgado Zayas v. Hosp. Interamericano de Medicina Avanzada, 94 J.T.S. 149, a la pág 500; Rivera Aguila v. K-Mart de P.R., 123 D.P.R. 599, 610 (1989).
La gran contradicción de la sentencia apelada consiste en que el tribunal concluyó que el patrono estableció la justa causa para el despido, extremo éste sobre el cual no hay controversia alguna. Sin embargo, aún así, declaró con lugar la querella ordenándole a Gas Muñoz pagar la mesada al querellante. Para ello se amparó, sin elaborar, en la doctrina de actos propios y en principios de equidad. Nuestro Código Civil recoge el principio de equidad. Dispone que, cuando no existe ley aplicable a un caso, los tribunales resolverán conforme a equidad. Ello significa que tendrán en cuenta la razón natural de acuerdo con los principios generales del Derecho y los usos y costumbres aceptados y establecidos. Art. 7, Código Civil de Puerto Rico, 31 L.P.R.A see. 7.
De otro lado la doctrina de actos propios ha sido integrada a nuestro ordenamiento jurídico como una modalidad de la equidad. En International General Electric v. Concrete Builders, 104 D.P.R. 871, 878 (1976), nuestro más Alto Foro judicial resumió los requisitos necesarios para la aplicación de la doctrina de actos propios, a saber: (1) una conducta determinada de un sujeto; (2) que haya engendrado una situación contraria a la realidad, ésto es, aparente, y mediante tal apariencia susceptible de influir en la conducta de los demás; y (3) que sea base de la confianza de otra parte quien de buena fe procedió y que por ello obró de una manera que le causa perjuicio si su confianza queda defraudada. Véase, además, Rodríguez Oyóla v. Machado Díaz, 94 J.T.S 82, a las págs. 12004-12009, nota al calce 4.
Ciertamente, no nos encontramos ante una situación donde no exista ley aplicable. Nos remitimos a lo ya discutido sobre la aplicación de la Ley Núm. 80 y su contenido normativo. Tampoco están presentes unos hechos a los que se le puedan aplicar la doctrina de los actos propios. La persona que invoque a su favor la doctrina de los propios actos debe demostrar que sufrió un perjuicio al depositar *989 su confianza en la veracidad de lo representado por aquél que ahora reniega sus actos. No albergamos duda de que la actuación del patrono querellado de consignar en la carta de despido otros motivos para el mismo, en nada perjudicó al empleado querellante. Por el contrario, resultó beneficiado al recibir pagos por desempleo que de haberse redactado la carta en sus verdaderos términos no hubiese recibido. Tal práctica, aunque impropia, no es extraña ni anormal en las relaciones de patrono y empleados cuando ocurren despidos por causa justificada, aunque albergamos serias dudas de que este patrono en particular la repita. Ahora bien, el único perjudicado por la carta estableciendo una apariencia contraria a la realidad fue el Estado. Adoptar el dictamen apelado bajo la premisa utilizada equivale a premiar dos veces —beneficios por desempleo y mesada— a un empleado que fue despedido por causa justificada y a quien la ley no le concede ningún derecho ni beneficio bajo esas circunstancias. La equidad, ni su vertiente de la doctrina de actos propios, pueden conducir a semejante resultado. 
Con estos antecedentes, revocamos el dictamen apelado y en su consecuencia, declaramos sin lugar la querella presentada.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 67
1. Lo aquí resuelto no afecta el derecho de las agencias gubernamentales concernidas a que en su momento recuperen el dinero incorrectamente otorgado al señor Cancel e imponga las responsabilidades que procedan. Corresponde al Secretario del Trabajo y Recursos Humanos tomar las acciones pertinentes.