ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DELFÍN RIVERA VEGA<br><br>Apelante<br><br>v.<br><br>WHM CARIB, LLC; WYNDHAM WORLDWIDE; WYNDHAM HOTEL GROUP, LLC; ASEGURADORA A, B, C Y D; FULANO DE TAL; MENGANO DE CUAL<br><br>Apelado | **KLAN202500113** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2020CV00089<br><br>Sobre: Despido Injustificado; Represalias; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Juez Aldebol Mora[1].

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece ante este foro el Sr. Delfín Rivera Vega (señor Rivera o "el apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 13 de enero de 2025. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Segunda Moción de Sentencia Sumaria* presentada por Wyndham Grand Río Mar Beach Resort and Spa h/n/c WHM Carib, LLC, Nils Stolzlechner,[2] gerente general de dicha corporación, Wyndham Worldwide Corporation y Wyndham Hotel Group, LLC (Wyndham o "la parte apelada"). En consecuencia, desestimó la *Demanda* con perjuicio por estar prescrita.

---

[1] En virtud de la Orden Administrativa OATA-2023-001, se designa a la Jueza Waleska I. Aldebol Mora.
[2] Cabe destacar que, el 5 de octubre de 2021, se presentó *Solicitud Conjunta de Desistimiento Parcial con Perjuicio*. En ella, el señor Rivera desistió voluntariamente de su reclamación en contra de Nils Stolzlechner. Al día siguiente, el foro primario notificó una *Sentencia Parcial*, en la cual declaró con lugar dicha solicitud. *Sentencia Parcial*, Anejo L, págs. 830 del apéndice del recurso.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Sentencia* apelada.

## I.

El 15 de enero de 2020, el señor Rivera Vega presentó una *Demanda* al amparo de la Ley Núm. 2 de 17 de octubre de 1961, también conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.*, en contra de la parte apelada.[3] En esencia, alegó que fue despido injustificadamente y discriminado por razón de su incapacidad. A su vez, señaló que Wyndham respondía en daños y perjuicios y, por haber tomado represalias en su contra. Particularmente, arguyó que trabajó en el hotel Wyndham por veintidós (22) años, donde ocupó diferentes puestos. Al momento de su despido ocupaba el puesto de *executive director of rooms*. Enfatizó que, durante su empleo en el hotel recibió diecisiete (17) premios y reconocimientos por sus logros como empleado.

Además, adujo que una semana antes del huracán Irma sufrió un accidente en su hogar y se fracturó un brazo, por lo que fue necesario ponerle un yeso. Resaltó que, con ciertas limitaciones continuó trabajando luego del paso de los huracanes Irma y María. No obstante, esbozó que debido a su incapacidad no pudo asistir a una reunión que se llevó a cabo en el hotel, la cual no estaba programada, ni le fue notificada con suficiente tiempo de anticipación. Sostuvo que dicha reunión se llevó a cabo durante su día de descanso y que no pudo asistir a la misma debido a que estaba visitando a un familiar que se encontraba a cuatro (4) horas del

---

[3] *Demanda*, Anejo I, págs. 1-15 del apéndice del recurso.

hotel y no estaba manejando su automóvil. Indicó que, luego de ausentarse de la reunión el gerente del hotel inició un patrón de discrimen y represalias en su contra que culminó en su despido. Explicó que fue cesanteado debido a que el hotel no estaba operando de manera regular por el paso del huracán María. Sin embargo, manifestó que el hotel estaba en un noventa por ciento (90%) de capacidad, toda vez que estaba ocupado por personal de agencias gubernamentales y entidades que ofrecían servicios en situaciones de emergencias. Finalmente, expresó que continuaron laborando en el hotel, otros gerentes que sus departamentos habían cerrado, otros más jóvenes y con menor antigüedad.

Por todo lo anterior, solicitó una suma no menor de $1,500,000.00 en daños, angustias mentales y perjuicios ocasionados por la conducta ilegal, discriminatoria y en represalias; duplicación de los daños; la suma correspondiente desde la fecha del despido ilegal y en represalias hasta el día en que se dictara sentencia; restitución en el empleo y/o lucro cesante; indemnización por despido injustificado; honorarios de abogado y costos del litigio.

En respuesta, el 5 de febrero de 2020, Wyndham presentó su *Contestación a Querella* en la cual negó la mayoría de las alegaciones.[4] Sostuvo que el despido del señor Rivera fue producto de una reorganización corporativa *bona fide*. Argumentó que, el apelante no era una persona con impedimentos y que cualquier condición médica que pudo tener, durante su tiempo como empleado de Wyndham, no fue motivo para su cesantía. De

---

[4] *Contestación a Querella*, Anejo IV, págs. 32-40 del apéndice del recurso.

otra parte, apuntó que el señor Rivera no participó de una actividad protegida por la Ley Núm. 80 de 30 de mayo de 1976, conocida también como la *Ley de Despido Injustificado*, según enmendada, 29 LPRA sec. 185a *et seq.*, (Ley Núm. 80) o bajo la Ley Núm. 115-1991, intitulada *Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, 29 LPRA sec. 194 *et seq.* (Ley Núm. 115 o Ley de Represalias). Añadió que, la causa de acción de despido injustificado estaba prescrita.[5]

Tras varios trámites procesales, el 4 de octubre de 2021, Wyndham instó una *Moción de Sentencia Sumaria*.[6] En primer lugar, enumeró ciento cincuenta y un (151) hechos que, a su juicio, no estaban en controversia. De igual forma, planteó que, de la prueba documental se desprendía que el señor Rivera no había sufrido discrimen o represalias de su parte y que el despido fue justificado. Reiteró que, las causas de acción de despido injustificado y represalias estaban prescritas. A su vez, indicó que, la Ley Núm. 4-2017, intitulada *Ley de Transformación y Flexibilidad Laboral*, 29 LPRA sec. 121 *et seq.* (Ley Núm. 4-2017)*,* tuvo el efecto de enmendar las diversas leyes laborales vigentes y estableció un periodo prescriptivo uniforme de un (1) año.

Específicamente, Wyndham argumentó que el apelante fue cesanteado el 22 de febrero de 2018. Sin embargo,

---

[5] El 19 de febrero de 2020, el foro primario notificó una *Orden* en la cual ordenó continuar los procedimientos por la vía ordinaria. A su vez, concedió a las partes hasta el 13 de marzo de 2020, para presentar un itinerario para concluir el descubrimiento de prueba. *Orden*, Anejo XII, pág. 166 del apéndice del recurso. Conforme ordenado, el 13 de marzo de 2020, las partes presentaron su *Moción Conjunta en Cumplimiento de Orden Sometiendo Itinerario de Descubrimiento de Prueba*. Anejo XX, págs. 176-178 del apéndice del recurso.
[6] *Moción de Sentencia Sumaria*, Anejo XLVII, págs. 303-817 del apéndice del recurso.

la causa de acción de despido injustificado y represalias se presentó el 15 de enero de 2020. Sostuvo que el señor Rivera realizó varias interrupciones al término prescriptivo, entre estas: una reclamación extrajudicial, en o alrededor del 3 de abril de 2018; una reclamación presentada ante la Unidad Antidiscrimen el 6 de julio de 2018; y varias comunicaciones entre las partes, la última con fecha del 3 de agosto de 2018. Enfatizó que, el apelante tenía hasta el 3 de agosto de 2019 para presentar el caso de epígrafe. Acentuó que, una reclamación ante la Unidad Antidiscrimen no interrumpía el término prescriptivo hasta que culminara el proceso en dicha unidad. Particularmente, apuntó que el término prescriptivo comenzaba a correr nuevamente desde la fecha de la notificación al patrono de la acción. En la alternativa, alegó que la causa de acción por represalias era improcedente, puesto que las únicas alegaciones del señor Rivera eran insuficientes.

Posteriormente, el 11 de abril de 2021, las partes presentaron el *Informe de Conferencia con Antelación al Juicio*. [7]

En desacuerdo, el 6 de diciembre de 2021, el señor Rivera presentó su *Oposición a Moción de Sentencia Sumaria* en la cual señaló los hechos que consideraba estaban en controversia.[8] Respecto al planteamiento de prescripción, arguyó que las causas de acción de despido injustificado y represalias no estaban prescritas. Enfatizó que, la última comunicación que sostuvieron las partes fue cerca del 26 de febrero de 2019, y no el 3 de

---

[7] Posteriormente, el 11 de abril de 2021, las partes presentaron el *Informe de Conferencia con Antelación al Juicio*. Anejo LIV, págs. 844-903 del apéndice del recurso.
[8] *Oposición a Moción de Sentencia Sumaria*, Anejo LVI, págs. 908-1286 del apéndice del recurso.

agosto de 2018. Asimismo, indicó que, el 26 de febrero de 2019, la Unidad Antidiscrimen otorgó autorización a las partes para presentar una reclamación ante el foro judicial y, cerca de esa fecha, los abogados de las partes se comunicaron para auscultar si era necesario presentar una demanda o si podían llegar a un acuerdo extrajudicial.

El 10 de enero de 2022, Wyndham presentó su *Réplica a la Oposición a Moción de Sentencia Sumaria*.[9]

Atendida las posturas de ambas partes, el 17 de octubre de 2022, el foro primario notificó una *Resolución y Sentencia Sumaria Parcial* en la cual declaró *Ha Lugar* parcialmente la *Moción de Sentencia Sumaria* presentada por Wyndham. En consecuencia, desestimó con perjuicio la causa de acción instada al amparo de la Ley Núm. 44 de 2 de julio de 1985, según enmendada, intitulada *Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales*, 1 LPRA sec. 501, *et seq*.[10] Por otra parte, declaró *No Ha Lugar* a la solicitud de sentencia sumaria para que se desestimara la causa de acción con relación a la Ley Núm. 80, *supra*.[11]

Luego de varios trámites procesales, el 6 de febrero de 2024, el foro primario notificó una *Orden* en la cual determinó reducir el descubrimiento de prueba a la fecha

---

[9] *Réplica a la Oposición a Moción de Sentencia Sumaria*, Anejo
[10] *Resolución y Sentencia Sumaria Parcial*, Anejo LXII, págs. 1390-1403 del apéndice del recurso.
[11] El 16 de noviembre de 2022, Wyndham acudió ante nos mediante un recurso de *Apelación*, a los fines de impugnar la determinación del 17 de octubre de 2022. Cabe precisar, que dicho recurso fue acogido como uno de *certiorari* y se le asignó el alfanumérico KLCE202201392. Así las cosas, el 26 de mayo de 2023, este Tribunal de Apelaciones emitió una *Resolución* en la cual denegó el recurso. Aún inconforme, la parte apelada acudió ante el Tribunal Supremo de Puerto Rico. El 1 de septiembre de 2023, el Tribunal Supremo emitió una *Resolución* en la cual declaró *No Ha Lugar* dicho recurso. *Resolución y Resolución*, Anejos LXII, LXIV, LXVI y LXVII, págs. 1404- 1445 del apéndice del recurso.

en que culminaron las conversaciones transaccionales.[12] Por ello, ordenó a Claro Puerto Rico ("Claro") a producir las fechas, horas y el tiempo de duración de cualesquiera llamadas registradas entre el 3 de agosto de 2018 y el 16 de enero de 2019, desde los números telefónicos (787) 758-1400, (787) 758-1402 y (787) 758-1408 pertenecientes a Labor Counsels, LLC, a cualquiera de los siguientes números telefónicos (787) 765-4646, (787) 765-0055 o (787) 698- 1210. En la misma fecha, emitió una segunda *Orden* mediante la cual ordenó a T-Mobile Puerto Rico (T-Mobile) a producir una certificación con indicación de las fechas, horas y el tiempo de duración de cualesquiera llamadas registradas entre el 3 de agosto de 2018 y el 16 de enero de 2019, desde el número telefónico (787) 460-3456 perteneciente al Lcdo. Carlos R. Paula, representante legal del apelante, a cualquiera de los siguientes números telefónicos (787) 765-4646, (787) 765-0055 o (787) 698-1210.

Posteriormente, el 29 de febrero de 2024, el foro primario notificó una *Orden Enmendada* a los fines de presentar el registro de llamadas hasta el 15 de enero de 2020.[13] El 15 de octubre de 2024, el foro primario notificó una *Orden* en la cual resolvió que el descubrimiento de prueba con relación a la prescripción de la *Demanda* había concluido.[14]

Así las cosas, el 4 de noviembre de 2024, Wyndham presentó su *Segunda Moción de Sentencia Sumaria*.[15] En esencia, enumeró sesenta y cuatro (64) hechos que, a su

---

[12] *Orden*, Anejo LXX a LXXIV, págs. 1452-1461 del apéndice del recurso.
[13] *Orden Enmendada,* Anejo LXXIX a LXXX, págs. 1479-1480 del apéndice del recurso.
[14] *Orden*, Anejo CV, págs. 1555 del apéndice del recurso.
[15] *Segunda Moción de Sentencia Sumaria,* Anejo CVII, págs. 1558-1742 del apéndice del recurso.

juicio, no están en controversia. Luego, esgrimió que, la evidencia documental admisible demostraba que la última conversación entre el licenciado Schuster, representante legal de Wyndham, y el licenciado Paula fue el 28 de agosto de 2018. Señaló que, dicha conversación fue sobre la suspensión de la vista que estaba pendiente ante la Unidad Antidiscrimen, y que había sido la última comunicación con potencial de interrumpir el término prescriptivo de un (1) año para que el apelante presentara su reclamación por la Ley Núm. 80, *supra*. Específicamente, alegó que, se registraron llamadas en diez (10) fechas distintas. Sin embargo, adujo que durante las primeras seis (6) llamadas no hubo comunicación entre el licenciado Paula y el licenciado Schuster, por lo que, dichas llamadas estaban descartadas como posibles interruptores del término.

Respecto a las cuatro (4) llamadas restantes, esbozó que tampoco interrumpieron el término prescriptivo. Enfatizó que, la llamada del 28 de agosto de 2018 se realizó a los fines de cancelar la vista ante la Unidad Antidiscrimen. Indicó que, el 10 de diciembre de 2019, se registraron dos (2) llamadas, una de dos (2) minutos al cuadro telefónico de Schuster LLC y una llamada al teléfono celular del licenciado Schuter, quien no respondió. De igual forma, manifestó que, el 2 de mayo de 2019, se originó una llamada desde el cuadro telefónico de Schuster LLC hacia el cuadro telefónico de Labor Counsels, LLC con una duración de veintiséis (26.1) segundos. Por ello, razonó que era imposible conversar sobre el caso en tan poco tiempo. Añadió que, el mismo día le dejaron una nota para que se comunicara

con el representante legal del apelante. Finalmente, argumentó que, el 29 de octubre de 2019, desde las oficinas del licenciado Schuster se generó una llamada al teléfono celular del licenciado Paula, la cual tuvo una duración de cinco (5) minutos. Sostuvo que dicha comunicación ocurrió más de un año después de la última comunicación entre las partes, a saber, en agosto de 2018, fecha en la que ocurrió la última comunicación entre las partes sobre la que existía certeza absoluta. Por ello, razonó que, para agosto de 2018, comenzó a transcurrir el término prescriptivo de un año que tenía el señor Rivera para presentar su reclamación. Por consiguiente, manifestó que cualquier reclamación extrajudicial hubiese tenido que ser sometida entre agosto de 2018 y agosto de 2019.

Por otra parte, resaltó que, si en efecto hubiese ocurrido una comunicación entre el licenciado Paula y el licenciado Schuster el 29 de octubre de 2019, dicha comunicación no podía tener el efecto de interrumpir el término prescriptivo pues para esa fecha la reclamación de despido injustificado ya estaba indudablemente prescrita. En virtud de lo anterior, entendió que el apelante tenía un (1) año desde entonces, es decir, hasta agosto de 2019, para presentar su *Demanda*. Ello no ocurrió hasta un (1) año y cinco (5) meses después. Por consiguiente, razonó que la reclamación del apelante por despido injustificado estaba prescrita y procedía su desestimación.

En desacuerdo, el 2 de enero de 2025, el señor Rivera presentó su *Oposición a Segunda Moción de Sentencia Sumaria* en la cual indicó los hechos que

consideraba no estaban en controversia.[16] En esencia, indicó que existía controversias sobre hechos materiales que debían dilucidarse durante el juicio en su fondo. Señaló que, la reclamación por despido injustificado no estaba prescrita porque interrumpió el término prescriptivo realizando múltiples reclamos y sosteniendo diversas conversaciones con la representación legal de Wyndham. Además, argumentó que no existía ningún listado de llamadas telefónicas en la cual se indicara el contenido de dichas conversaciones. Por ello, esgrimió que el listado de llamadas telefónicas era evidencia circunstancial. Asimismo, explicó que el licenciado Paula, bajo juramento, indicó que hubo conversaciones sostenidas menos de un (1) año antes de la presentación de la *Demanda* de epígrafe, por lo que, nunca transcurrieron más de seis (6) meses sin que las partes hubiesen conversado respecto a la causa de acción por despido injustificado.

De otra parte, expuso que el registro de acceso al bufete tampoco demostró que el licenciado Schuster estuvo ausente de su oficina en la fecha referida, puesto que, había una recepcionista que abría la puerta de acceso a los clientes y empleados. De igual forma, resaltó que luego del cierre del caso en la Unidad Antidiscrimen, se comunicó con el licenciado Schuster con relación a las reclamaciones del apelante, incluyendo la causa de acción de despido injustificado. Finalmente, destacó que hubo comunicaciones verbales entre los representantes legales de las partes con relación a la posibilidad de transacción. Ello,

---

[16] *Oposición a Segunda Moción de Sentencia Sumaria*, Anejo CXIII, págs. 1758-1799 del apéndice del recurso.

posterior a la comunicación escrita del 3 de agosto de 2018. Por todo lo anterior, solicitó declarar no ha lugar la *Segunda Moción de Sentencia Sumaria*, y ordenar la celebración del juicio en su fondo.

Luego de examinar los argumentos de las partes, el 13 de enero de 2025, el foro primario notificó su *Sentencia* en la cual declaró Ha Lugar la *Moción Segunda Moción de Sentencia Sumaria* presentada por Wyndham.[17] En consecuencia, desestimó con perjuicio la *Demanda* de epígrafe. Particularmente, el foro primario resolvió que el apelante incumplió con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, al no incluir en su contestación a la solicitud de sentencia sumaria una relación concisa y organizada, con una referencia a los párrafos enumerados por Wyndham, de los hechos esenciales y pertinentes que estaban en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se apoyaran los mismos, así como de cualquier otro documento admisible en evidencia que se encontrara en el expediente del tribunal. Añadió que, el señor Rivera tampoco satisfizo la Regla 36.3(c) de Procedimiento Civil, *supra*, porque se fundamentó únicamente en las aseveraciones o negaciones contenidas en sus alegaciones, incumpliendo así su obligación de contestar la moción de manera detallada y específica. Por ello, no tomó en consideración la oposición del apelante a la *Segunda Solicitud de Sentencia Sumaria* y consideró admitida la relación de hechos no controvertidos propuestos por Wyndham.

---

[17] *Sentencia*, Anejo CXV, págs. 1800-1803 del apéndice del recurso.

Inconforme, el 23 de enero de 2025, el señor Rivera presentó su *Moción de Reconsideración Sobre Sentencia Dictada Sumariamente Disponiendo de Reclamaciones que ni Siquiera Eran Objeto de la Moción Dispositiva, Debido a Causas de Acción que Como Cuestión de Derecho No Procedía Desestimar, y Por Una Aplicación Incorrecta de la Regla 36 de Procedimiento Civil a Pesar del Claro Cumplimiento Cabal con la Misma* en la cual reiteró los planteamientos de la oposición de la segunda moción de sentencia sumaria.[18] Alegó que, presentó una relación concisa de los hechos que estaban en controversia, por lo que, cumplió con la Regla 36 de Procedimiento Civil, *supra*. Además, expresó que no presentó prueba alguna para oponerse a la segunda moción de sentencia sumaria, puesto que, Wyndham no presentó evidencia alguna que demostrara la inexistencia de controversias genuinas de hechos. Por su parte, el 11 de febrero de 2025, Wyndham presentó su *Oposición a Moción de Reconsideración Sobre Sentencia Dictada Sumariamente Disponiendo de Reclamaciones que ni Siquiera Eran Objeto de la Moción Dispositiva, Debido a Causas de Acción que Como Cuestión de Derecho No Procedía Desestimar, y Por Una Aplicación Incorrecta de la Regla 36 de Procedimiento Civil a Pesar del Claro Cumplimiento Cabal con la Misma*.[19] En esta, reafirmó sus planteamientos iniciales.

---

[18] *Moción de Reconsideración Sobre Sentencia Dictada Sumariamente Disponiendo de Reclamaciones que ni Siquiera Eran Objeto de la Moción Dispositiva, Debido a Causas de Acción que Como Cuestión de Derecho No Procedía Desestimar, y Por Una Aplicación Incorrecta de la Regla 36 de Procedimiento Civil a Pesar del Claro Cumplimiento Cabal con la Misma*, Anejo CXVI, págs. 1806-1827 del apéndice del recurso.
[19] Oposición a *Moción de Reconsideración Sobre Sentencia Dictada Sumariamente Disponiendo de Reclamaciones que ni Siquiera Eran Objeto de la Moción Dispositiva, Debido a Causas de Acción que Como Cuestión de Derecho No Procedía Desestimar, y Por Una Aplicación Incorrecta de la Regla 36 de Procedimiento Civil a Pesar del Claro Cumplimiento Cabal con la Misma*, Anejo CXVII, págs. 1828-1840 del apéndice del recurso.

Así las cosas, el 12 de febrero de 2025, el foro primario notificó su *Resolución Interlocutoria* en la cual declaró *No Ha Lugar* a la solicitud de reconsideración presentada por el apelante.[20]

Aún inconforme, el 12 de febrero de 2025, el apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al desestimar mediante el mecanismo de sentencia sumaria causas de acción que no fueron objeto de la orden del Tribunal que permitió realizar un descubrimiento de prueba adicional luego de concluida la etapa de descubrimiento y que permitía la presentación de una segunda moción de sentencia sumaria únicamente con relación al tema de la prescripción de la causa de acción por despido injustificado, después que ya había sido presentada y resuelta una primera moción de sentencia sumaria en el caso solicitando la desestimación de todas las causas de acción.

2. Erró el Tribunal de Primera Instancia al desestimar el caso mediante el mecanismo de sentencia sumaria a pesar de que no se presentó ninguna evidencia demostrativa de la inexistencia de controversias genuinas sobre hechos materiales con relación a la reclamación de represalias que sobrevivió la primera moción de sentencia sumaria presentada.

3. Erró el Tribunal de Primera Instancia al concluir que la Parte Demandante dejó de oponerse válidamente a la segunda moción de sentencia sumaria presentada, por no haber cumplido con los requisitos de forma de la Regla 36.3 (b) y (c) de Procedimiento Civil "al no incluir en su contestación a la solicitud de sentencia sumaria una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente'", lo cual es incorrecto según surge de la faz del escrito de oposición presentado.

4. Erró el Tribunal de Primera Instancia al dictar sentencia sumaria disponiendo de todas las reclamaciones a pesar de que la prueba sometida junto con la segunda moción de sentencia sumaria no es admisible en evidencia, ni tiene garantías

---

[20] Entrada 172 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

circunstanciales de confiabilidad, ya que los registros de llamadas debieron incluir todos los números de teléfono que fueron mencionados por la Parte Demandante desde los cuales se pudieron generar las llamadas para las conversaciones transaccionales, pero los registros de llamadas producidos estuvieron incompletos porque no incluyeron varios de los números de teléfono mencionados y la sentencia dictada sumariamente se basó en esa prueba incompleta.

5. Erró el Tribunal de Primera Instancia al evaluar la segunda moción de sentencia sumaria presentada y su correspondiente oposición sin hacer las "inferencias permitidas a favor de la parte que se opone a la moción de sentencia sumaria" y al darle entera validez a documentos presentados sin ningún tipo de autenticación y sin declaraciones juradas que permitieran su admisibilidad, en especial ante las conclusiones especulativas y llenas de conjeturas que en última instancia son "*self serving*", realizadas por la Parte Demandada y que no ofrecen ninguna garantía circunstancial de confiabilidad en cuanto a los posibles temas discutidos durante las llamadas realizadas en las fechas que surgen de los registros telefónicos producidos.

6. Erró el Tribunal de Primera Instancia al desestimar la totalidad de las reclamaciones, incluyendo la causa de acción por despido injustificado, luego de que la Parte Demandante presentara una declaración jurada junto con su oposición a la primera moción de sentencia sumaria sosteniendo que nunca transcurrieron más de 6 meses sin que los abogados de las partes conversaran sobre el tema de transacción y luego de que la Parte Demandada admitiera que sí hubo llamadas y conversaciones telefónicas entre los abogados de las partes, pero intentando establecer con prueba no confiable y con especulaciones y conjeturas cuáles fueron los temas de conversación durante cada una de esas llamadas telefónicas, ignorando el Tribunal de Instancia que existen controversias de hecho que impedían dictar sentencia sumariamente.

7. Erró el Tribunal de Primera Instancia al permitir la realización de descubrimiento de prueba mucho después de concluida esa etapa de descubrimiento en el caso, a pesar de las objeciones presentadas por la Parte Demandante, luego de haberse presentado el informe de conferencia con antelación al juicio y después de las resoluciones

emitidas por este Honorable Tribunal de Apelaciones y por el Tribunal Supremo de Puerto Rico con relación a los planteamientos de la Parte Demandada insistiendo en la desestimación luego de resuelta una primera moción de sentencia sumaria.

8. Erró el Tribunal de Primera Instancia al privar de su día en corte al Sr. Delfín Rivera, quien le dedicó aproximadamente 21 años de servicio a la Parte Demandada, ocupando uno de los puestos gerenciales más altos del Wyndham Grand Río Mar Beach Resort & Spa, al dictar sentencia sumaria pasando por alto la evidencia que había en el récord del caso hasta esa fecha, todo lo cual provoca un grave fracaso de la justicia.

Tras varios trámites procesales ante este Tribunal de Apelaciones, el 26 de marzo de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXXII-B, para presentar su alegato.

En cumplimiento con lo anterior, el 24 de marzo de 2025, Wyndham presentó su *Alegato en Oposición de la Parte Apelada*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso.

**II.**

**-A-**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la adjudicación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo. *Rodríguez García v. UCA*, 200 DPR 929 (2018). Este mecanismo, está instituido en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y su función esencial es el permitir que, en aquellos litigios de naturaleza civil, una parte pueda mostrar, previo al juicio, que tras las partes contar con la

evidencia que ha sido debidamente descubierta, no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769 (2016).

La solicitud de sentencia sumaria puede ser interpuesta por cualquiera de las partes que solicite un remedio por medio de una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2. Por consiguiente, se dictará sentencia sumaria, si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demostrasen que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que; como cuestión de derecho, procediese hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); SLG *Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013).

En cuanto a los hechos esenciales y pertinentes a los que se refieren el precitado cuerpo de Reglas, es conocimiento que estos son los que se conocen como hechos materiales. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. Por ello, la controversia deberá

ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

En lo particular, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento a seguir por las partes al momento de solicitarle al tribunal que dicte sentencia sumariamente a su favor. A esos efectos, la mencionada regla establece que una solicitud a su amparo, deberá incluir lo siguiente: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y (6) el remedio que debe concederse. Regla 36.3(a) (1-6) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a) (1-6).

Por otro lado, la parte que se oponga a que se dicte sentencia sumaria deberá controvertir la prueba presentada por la parte que la solicita. Para ello, deberá presentar su contestación a la moción de sentencia sumaria dentro del término de veinte (20) días

de su notificación. Dicho escrito, además de cumplir con los mismos requisitos con los que tiene que cumplir el proponente, deberá contener:

[…]

(b) […]

(2) [U]na relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable. Regla 36.3 (b)(1-4)), 32 LPRA Ap. V, R. 36.3(b)(1-4).

Ahora bien, cuando se presente una moción de sentencia sumaria y se sostenga en la forma que establece la Regla 36 de Procedimiento Civil, *supra*, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones; sino que dicha parte estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra, si procede. Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). Por tanto, el oponente deberá controvertir la prueba presentada con evidencia sustancial y no podrá simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 66 (2018).

Quiere decir que, para derrotar una solicitud de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Ramos Pérez v. Univisión*, supra, pág. 215. Si el oponente no controvierte los hechos propuestos de la forma en que lo requiere la Regla aplicable, tales hechos se podrán considerar como admitidos y se dictará la sentencia en su contra, si procediese. *Roldán Flores v. M. Cuebas, Inc.,* supra. De igual forma, si la parte contraria no presenta su contestación a la sentencia sumaria en el término reglamentario provisto, se entenderá que la moción de sentencia sumaria quedó sometida para la consideración del tribunal. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, Regla 36.3.

Por último, es preciso recordar que nuestro Máximo Foro ha dispuesto que, como Tribunal de Apelaciones, nos encontramos en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia o no de conceder una solicitud de sentencia sumaria. Meléndez González et al. v M. Cuebas, 193 DPR 100, 122 (2015). A tales efectos, nuestra revisión será una *de novo* y el análisis que realizaremos se regirá por las disposiciones contenidas en la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

Por ello, de entender que procede revocar una sentencia sumaria, debemos indicar cuáles hechos esenciales y pertinentes están en controversia, e igualmente decir cuáles están incontrovertidos. Por el contrario, si encontramos que los hechos materiales (esenciales y pertinentes) realmente están incontrovertidos, nuestra revisión se limitará a revisar

*de novo* si procedía en derecho su concesión. Es decir, si el Tribunal de Primera Instancia aplicó correctamente el derecho o no. *Íd*, págs. 118-119.

**-B-**

Nuestro ordenamiento estatutario no prohíbe absolutamente el despido de un empleado, sino que castiga el despido sin justa causa. *Rivera Figueroa v. The Fuller Brush Co*, 180 DPR 894 (2011).

Por un lado, la Ley Núm. 80 de 30 de mayo de 1976, conocida también como la *Ley de Despido Injustificado*, según enmendada, 29 LPRA sec. 185a *et seq.*, regula las circunstancias en que un patrono privado puede despedir a un empleado. La referida ley es una legislación reparadora, por lo cual hay que interpretarla liberalmente a favor de los derechos del trabajador. *Irizarry v. J & J Cons. Prods. Co., Inc.,* 150 DPR 155, 164 (2000).

El Artículo 2 de la Ley Núm. 80, *supra,* define "justa causa" como "aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono." En lo aquí pertinente, dicho artículo expone una lista no taxativa de causas justificadas para el despido que lee como sigue:

> (d)  Cierre total, temporero o parcial de las operaciones del establecimiento. En aquellos casos en que el patrono posea más de una oficina, fábrica, sucursal o planta, el cierre total, temporero o parcial de las operaciones de cualquiera de estos establecimientos donde labora el empleado despedido, constituirá justa causa para el despido a tenor con este Artículo.

> (f)  Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el propósito

de aumentar la competitividad o productividad del establecimiento.

No obstante, a pesar de que la Ley Núm. 80 provee una lista de circunstancias que justifican el despido de un empleado o empleada, la precitada ley no pretende ser un código de conducta limitada a una lista de faltas claramente definidas con sus sanciones correspondientes. *Jusino et als. V. Walgreens*, 155 DPR 560, 573 (2001). A estos efectos, el patrono tiene la potestad de adoptar reglamentos internos y establecer normas de conducta en el lugar de trabajo que estime necesarias para conseguir el buen funcionamiento de la empresa. *Íd*. Los empleados estarán sujetos a cumplir con dichos reglamentos y normas, siempre y cuando éstos cumplan con el criterio de razonabilidad. *Íd*. De este modo, para que las violaciones de las normas del empleo constituyan justa causa para el despido, el patrono tiene la obligación de probar la razonabilidad de las normas establecidas, que le suministró copia escrita de éstas al empleado y que el empleado las violó. *Rivera Águila v. K-Mart de P.R.*, 123 DPR 599, 613-614 (1942). En cambio, no se considerará despido por justa causa aquel que se hace por el mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. *Srio. del Trabajo v. GP Inds., Inc.,* 153 DPR 223, 241 (2001).

En fin, el principio rector que gobierna el despido por justa causa dispuesto en el Artículo 2 de la Ley Núm. 80, *supra*, es aquel que delimita las circunstancias en que éste se produce. Es decir, cuando tiene su origen en alguna razón o motivo vinculado a la ordenada marcha

y normal funcionamiento de una empresa y no en el libre arbitrio o capricho del patrono. *Íd.*

Finalmente, el Artículo 11 de la Ley Núm. 80, crea una presunción de que todo despido es injustificado. 29 LPRA sec. 185k. No obstante, la Ley Núm. 4-2017, intitulada *Ley de Transformación y Flexibilidad Laboral*, 29 LPRA sec. 121, *et seq.*, enmendó la Ley Núm. 80, *supra*, y la presunción de que el despido fue injustificado, por lo que, a tenor con la interpretación del Tribunal Supremo de Puerto Rico, a las controversias que surjan luego de la aprobación de dicha Ley, no se le aplicará la presunción de despido injustificado y el empleado o la empleada despedida tendrá que probar que su despido fue injustificado. *Ortiz Ortiz v. Medtronic Puerto Rico Operations*, 209 DPR 759, 781 (2022).[21] A su vez, el Artículo 12 de la Ley Núm. 80, dispone que:

> [l]os derechos que concede esta Ley prescribirán por el transcurso de un (1) año a partir de la fecha efectiva del despido mismo. Las reclamaciones por despidos realizados previo a la fecha de vigencia de la "Ley de Transformación y Flexibilidad Laboral" quedarán sujetas al término de prescripción previamente en vigor. 29 LPRA sec. 185l.

## III.

Mediante el recurso que nos ocupa, el señor Rivera impugna la *Sentencia* emitida por el foro primario, notificada el 13 de enero de 2025. En esencia, señala que no procede dictar sentencia sumaria al amparo de la Regla 36 de Procedimiento Civil, *supra*, toda vez que existe controversia de hechos respecto a la prescripción de la causa de acción por despido injustificado. A su

---

[21] Ley Núm.4-2017 fue anulada por decisión de la Jueza Laura T Swain emitida el 3 de marzo de 2023 en *In re: FOMB v. Pierluisi Urrutia*, 17-BK3283-LTS (Adv. Proc. 22-00063-LTS). No obstante, la Ley Múm. 4-2017 era la legislación vigente al momento de los hechos en controversia.

vez, reitera que no procede la desestimación de la *Demanda* de epígrafe. Por estar estrechamente relacionados los errores se discutirán en conjunto. *Veamos*.

Tal cual nos es exigido, debemos examinar de *novo* si la *Segunda Moción de Sentencia Sumaria* presentada por Wyndham, así como la oposición instada por el apelante, cumplió con los requisitos de forma que exige la Regla 36.3 de Procedimiento Civil, *supra*. Un análisis de dicha solicitud nos lleva a concluir que Wyndham cumplió con la Regla 36.3 de Procedimiento Civil, *supra*. No obstante, apuntamos que el señor Rivera no cumplió con dicha Regla. Además, no cumplió con los requisitos de forma requeridos por la misma regla, pues no controvirtió de forma alguna los hechos expuestos por la parte apelada en su moción dispositiva. Entiéndase, no presentó una relación de hechos concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que estaban realmente y de buena fe controvertidos.

No obstante, lo anterior no significa que se concederá el remedio solicitado de forma automática, pues, primero es necesario evaluar si existe alguna controversia sobre algún hecho material en el caso. Así pues, habiéndose determinado lo anterior, debemos evaluar si en el presente caso existen controversias de hechos materiales que impidan la resolución sumaria parcial del pleito.

Según surge del expediente ante nuestra consideración, Wyndham acompañó la *Segunda Moción de Sentencia Sumaria* de un Requerimiento de Admisiones, el cual fue negado, en su mayoría, por el señor Rivera. De

igual forma, incluyó un registro de llamadas telefónicas realizadas por el representante legal del apelante, posteriores a la comunicación del 28 de agosto de 2018. Ello con el propósito de demostrar la corta duración de dichas llamadas, por lo que era imposible que las partes se hubieran comunicado respecto al caso. Además, incluyó un registro de acceso al bufete Schuster a los fines de demostrar que los días en que presuntamente las partes se comunicaron, no se encontraba presente en la oficina el representante legal de Wyndham.

El derecho previamente expuesto, indica que el mecanismo de sentencia sumaria procura, aligerar la adjudicación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo. *Rodríguez García v. UCA*, supra. Por ello, la solicitud de sentencia sumaria puede ser interpuesta por cualquiera de las partes que solicite un remedio por medio de una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Regla 36.2 de Procedimiento Civil, *supra*. Por consiguiente, se dictará sentencia sumaria, si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demostrasen que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que; como cuestión de derecho, procediese hacerlo. Regla 36.3(e) de Procedimiento Civil, *supra*.

Cónsono con lo anterior, es evidente que existen controversias de hechos con relación a cuándo fue la

última comunicación entre las partes y, por consiguiente, cuándo comenzó a transcurrir el término prescriptivo de un (1) año con relación a la causa de acción por despido injustificado. Nótese que, los documentos que acompañan la *Segunda Moción de Sentencia Sumaria* no demuestran con certeza la falta de comunicación entre las partes. Por ello, resulta imposible determinar mediante un registro de llamadas o un registro de acceso al bufete cuándo fue la última conversación entre las partes. Particularmente, no podemos concluir con certeza que con una llamada telefónica de duración de veintiséis (26) segundos a dos (2) minutos, las partes no lograron comunicarse y conversar sobre la causa de acción por despido injustificado. Tampoco demuestra el contenido, si alguno, de dichas llamadas telefónicas.

De otra parte, los registros de acceso al bufete Suchuster, representantes legales de Wyndham, tampoco demuestran que los licenciados a cargo del caso de epígrafe no asistieron esos días al bufete. Cabe precisar que, de la oposición a la segunda sentencia sumaria, el representante legal manifestó que en dicho bufete había una recepcionista quien abría la puerta a los visitantes y, en ocasiones, a las personas que trabajan en dicho bufete. Por tanto, la lista de accesos al bufete no es prueba suficiente para demostrar que los licenciados a cargo del caso de epígrafe no asistieron a su trabajo en esos días y, en consecuencia, no hubo comunicación con estos.

En virtud de lo anterior, estamos en desacuerdo con la *Sentencia* notificada por el foro primario el 13 de enero de 2025. Por ello, determinamos que existe

controversia de hechos sobre lo siguiente: **cuándo concluyeron las conversaciones transaccionales que las partes sostuvieron extrajudicialmente antes de que se presentara la *Demanda* de epígrafe.**

Por todo lo anterior, es forzoso concluir que el foro primario incidió al acoger la *Segunda Moción de Sentencia Sumaria* y desestimar el caso de epígrafe. Por ello, procede revocar el dictamen apelado y devolver el caso de epígrafe al foro primario para la celebración de un juicio conforme a lo aquí resuelto.

## IV.

Por los fundamentos antes expuestos, **REVOCAMOS** la *Sentencia* apelada y devolvemos el caso para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones