ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| NEIDA MATUTE ARROYO<br><br>Recurrida<br><br>v.<br><br>PEP BOYS-MANNY MOE & JACK OF PUERTO RICO, INC. H/N/C PEP BOYS<br><br>Peticionario | TA2025CE00345 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV00616<br><br>Sobre: Despido Injustificado (Ley Núm. 80); Represalias; Difamación; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece Pep Boys-Manny Moe & Jack of Puerto Rico, Inc. ("Pep Boys" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos la *Resolución* emitida el 14 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Humacao ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de sentencia sumaria instada por el peticionario.

Por los fundamentos que proceden, se deniega la expedición del auto de *certiorari*.

**I.**

El 8 de mayo de 2023, Neida Matute Arroyo ("señora Matute Arroyo" o "Recurrida") presentó una *Querella* sobre despido injustificado en contra de Pep Boys. Sostuvo que, desde el 1995 hasta el 2020, se desempeñó como empleada de Pep Boys. Sin embargo, adujo que fue despedida sin justa causa y en represalias por el ejercicio de derechos protegidos.

Tras varias instancias procesales, el 1 de mayo de 2025, Pep Boys instó una *Solicitud de Sentencia Sumaria*. En síntesis, adujo que no existía una controversia material de hechos que justificara la celebración de una vista en su fondo. Detalló que, como consecuencia de una llamada anónima y diversas quejas de otros empleados sobre la conducta de la recurrida, iniciaron una investigación. Añadió que, a raíz de dicha investigación, en aras de mantener la pureza de los procedimientos, la señora Matute Arroyo fue advertida de su confidencialidad y que no debía intervenir con los testigos. Sostuvo que, no obstante, uno de los empleados entrevistados como parte de la investigación informó que la recurrida se comunicó en varias ocasiones, con la intención de conocer sobre las incidencias de la investigación. Explicaron que, al culminar el proceso, determinaron que la recurrida demostró una conducta impropia y cometió serias violaciones a las normas, políticas y procedimientos de la empresa. Por tanto, adujo que el despido fue por justa causa y no respondió a supuestas represalias.

El 3 de junio de 2025, la señora Matute Arroyo notificó su *Moción en Oposición a Sentencia Sumaria*. En apretada síntesis, la recurrida arguyó que persiste una controversia material sobre hechos que debe resolverse en un juicio en su fondo. De manera particular, señaló que debe dilucidarse si su derecho a tener una investigación justa fue salvaguardado y si los resultados de la misma fueron sustentados con evidencia. Añadió que Pep Boys no ha articulado una razón incontrovertida y válida para derrotar la presunción de que existe un caso *prima facie* de represalias. Más aun, reitera que existe una controversia relacionada con la causa que motivó su despido.

Aquilatada la solicitud de sentencia sumaria y su oposición, junto a su correspondiente réplica y dúplica, el 14 de agosto de 2025, el foro de instancia dictó una *Resolución*. En virtud del

referido dictamen, denegó la solicitud de sentencia sumaria, por entender que existen múltiples controversias fácticas que impiden la resolución sumaria del asunto. Particularizó que existe una disputa sobre el motivo que ocasionó el despido de la recurrida. Asimismo, determinó que procede desfilar prueba sobre la naturaleza, alcance y adecuación del proceso investigativo realizado por el peticionario. En específico, manifestó lo siguiente:

> [E]l asunto medular —la credibilidad, veracidad y pertinencia de la llamada anónima y el proceso investigativo subsiguiente relacionado con el alegado comportamiento de la parte querellante— se configura como una controversia de hecho material que requiere la celebración de una vista donde pueda valorarse la prueba testifical y documental correspondiente, para determinar si el comportamiento de la parte querellante, las amonestaciones emitidas, junto a la investigación realizada como consecuencia de una llamada anónima demuestran que su despido estuvo plenamente justificado.[1]

Inconforme, el 25 de agosto de 2025, Pep Boys acudió ante esta Curia mediante *Petición de Certiorari*. El peticionario realizó lo siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción y determinar que no procede dictar sentencia sumaria para desestimar las causas de acción instadas por la querellante al:**
>
> I.   **No hacer cumplir estrictamente la Regla 36.3 de Procedimiento Civil y, por ende, ignorar hechos materiales admitidos por la propia querellante que debieron tenerse por establecidos, adjudicando "controversias" inexistentes.**
>
> II.  **Desviar el análisis de "justa causa" (Ley 80) hacia la "adecuación" de la investigación, ignorando que la justa causa quedaba establecida por violaciones admitidas a normas razonables, historial disciplinario y la interferencia en una pesquisa confidencial.**
>
> III. **Permitir la subsistencia de la reclamación bajo ley 115 pese a la ausencia de "actividad protegida" y ante la existencia de una razón**

---

[1] *Véase*, SUMAC, Tribunal de Primera Instancia, Entrada Núm. 63, pág. 15.

**legítima y no represiva acreditada y no desvirtuada por pretexto.**

IV. **Confundir "credibilidad" con "peso de la prueba" y pasar por alto que, ante admisiones y documentos no controvertidos, la referencia a una "llamada anónima" no crea, por sí sola, una controversia material.**

V. **No utilizar las herramientas de la Regla 36.3 (d) para excluir "hechos" o alegaciones no apoyadas por citas específicas a evidencia admisible, erosionando el rigor del trámite sumarial.**

El 8 de septiembre de 2025, la parte recurrida notificó su *Oposición a Petición de Certiorari.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León*

*Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *Íd.* Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*

Al presentar una moción de sentencia sumaria, al amparo de la Regla 36.2 de Procedimiento Civil, *supra,* se deberá cumplir con los siguientes requisitos de forma: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Conforme a esta normativa procesal, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón,* supra. Por el contrario, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Íd.*

En la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* Al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su día en corte, componente integral del debido proceso de ley. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "*casos complejos o aquellos en los que estén presentes cuestiones de interés público*". *Íd.*, pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. 32 LPRA Ap. V, R. 42.2. En lo aquí pertinente, si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio

solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "*será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]*". Lo anterior simplifica el desfile de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión,* 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia sumaria son los siguientes: (1) no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia sumaria; (5) se debe observar que las mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra,* y lo discutido en *SLG Zapata Rivera v. JF Montalvo, supra*; (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118-119 (2015).

Asimismo, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) **revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró**

**que están en controversia y cuáles están incontrovertidos**; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

(Énfasis suplido)

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare,* 202 DPR 281 (2019). A tal efecto, nuestra revisión es una *de novo,* y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. *Íd.* De esta manera, si encontramos que los hechos materiales realmente están incontrovertidos, debemos revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Íd.*

**-C-**

La Ley Núm. 80 de 30 de mayo de 1976, conocida también como la *Ley de Despido Injustificado,* según enmendada, 29 LPRA sec. 185a *et seq.,* fue creada con el fin primordial de proteger, de manera más efectiva, el derecho del obrero puertorriqueño a la tenencia de su empleo. A su vez, procura desalentar la práctica de despedir a los empleados de forma injustificada y otorga a los trabajadores remedios justicieros y consustanciales con los daños causados por un despido injustificado. *Véase,* Exposición de Motivos de la Ley de Despido Injustificado, *supra.*; *SLG Zapata-Rivera v. J.F. Montalvo, supra,* pág. 424; *Feliciano Martes v. Sheraton,* 182 DPR 368, 379-380 (2011).

El Artículo 2 de la Ley Núm. 80, 29 LPRA sec. 185b, detalla las circunstancias que constituyen "*justa causa*" para el despido e incluye motivos fundados en la conducta del empleado, así como circunstancias de índole empresarial. Así pues, en lo pertinente, las

causas atribuibles a los empleados que constituyen justa causa para el despido se preceptúan en los incisos (a), (b) y (c) del artículo 2, y son las siguientes:

> (a) Que el obrero siga un patrón de conducta impropia o desordenada.

> (b) La actitud del empleado de no rendir su trabajo en forma eficiente o de hacerlo tardía y negligentemente o en violación de las normas de calidad del producto que se produce o maneja por el establecimiento.

> (c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidas por el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado. [...] 23 LPRA sec.185b.

No obstante, a pesar de que la Ley de Despido Injustificado provee una lista de circunstancias que justifican el despido de un empleado o empleada, la precitada ley no pretende ser un código de conducta limitada a una lista de faltas claramente definidas con sus sanciones correspondientes. *Jusino et als. V. Walgreens, supra,* pág. 573. A estos efectos, el patrono tiene la potestad de adoptar reglamentos internos y establecer normas de conducta en el lugar de trabajo que estime necesarias para conseguir el buen funcionamiento de la empresa. *Íd.*, pág. 573. Los empleados estarán sujetos a cumplir con dichos reglamentos y normas, siempre y cuando estos cumplan con el criterio de razonabilidad. *Íd.* De este modo, para que las violaciones de las normas del empleo constituyan justa causa para el despido, el patrono tiene la obligación de probar la razonabilidad de las normas establecidas, que le suministró copia escrita de éstas al empleado y que el empleado las violó. *Rivera Águila v. K-Mart de P.R.,* 123 DPR 599, 613-614 (1942). En cambio, no se considerará despido por justa causa aquel que se hace por el mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. *Srio. del Trabajo v. G.P. Inds., Inc.,* 153 DPR 223, 241 (2001).

En fin, el principio rector que gobierna el despido por justa causa dispuesto en el Art. 2 del referido estatuto, *supra*, es aquel que delimita las circunstancias en que éste se produce. Es decir, cuando tiene su origen en alguna razón o motivo vinculado a la ordenada marcha y normal funcionamiento de una empresa y no en el libre arbitrio o capricho del patrono. *Íd.*

**-D-**

La Ley Núm. 115 del 20 de diciembre de 1991, mejor conocida como la "Ley de Represalias", 29 LPRA secs. 194 *et. seq.*, se aprobó con el fin de conferirle una herramienta a los trabajadores en contra de posibles actos de represalias por parte de los patronos, motivadas por el ofrecimiento de algún testimonio o alguna información ante ciertos foros. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668-669 (2017); *Cordero Jiménez v. UPR*, 188 DPR 129, 135-136 (2013). Esta ley protege a toda clase de empelado, con independencia de su clasificación y aplica a *todos los patronos por igual, sean estos públicos o privados*. Art. 1 de la Ley 115-1991, 29 LPRA sec. 194. De manera específica, el Art. 2 (a) del referido estatuto, 29 LPRA sec. 194b, establece lo siguiente:

> (a) Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

Por otra parte, el Art. 2 (c) de la Ley 115-1991, *supra*, establece el proceso probatorio aplicable para un tribunal dilucidar de la controversia. En específico dispone que:

> El empleado deberá probar la violación mediante evidencia directa o circunstancial. El empleado podrá

además establecer un caso *prima facie* de violación a la ley probando que participó en una actividad protegida por esta ley y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido.

Así pues, nuestro más Alto Foro recalcó que, para establecer un caso *prima facie* al amparo del aludido estatuto, el empleado tendrá que probar mediante prueba directa o circunstancial: (1) que participó en una de las actividades protegidas por la ley, y (2) que subsiguientemente fue despedido, amenazado o sufrió discrimen en el empleo. *Feliciano Martes v. Sheraton, supra*, págs. 393-394. En otras palabras, el empleado debe establecer que participó en una actividad protegida y luego fue despedido, lo cual establece una presunción *iuris tantum*. *Rivera Menéndez v. Action Service*, 185 DPR 431, 445-446 (2012).

Por su parte, el patrono tiene la obligación de rebatir esta presunción justificando el despido. Revertido el peso de la prueba, el empleado podrá prevalecer en su reclamo si demuestra que la razón alegada por el patrono es un simple pretexto para el despido discriminatorio. *Feliciano Martes v. Sheraton, supra*, págs. 393-394.

**III.**

Conforme surge del expediente, el foro de instancia determinó que, ante la existencia de múltiples controversias fácticas, procede la celebración de una vista en la que se pueda dirimir la credibilidad de las partes. Siendo así, hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan.

Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

## IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se deniega la expedición del auto solicitado y se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones